### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RAQUEL LOPEZ MUNOZ,**<br><br>Plaintiff,<br>v.<br><br>**FEDERAL BUREAU OF INVESTIGATION,** *et al.*,<br><br>Defendants. | CIVIL NO. 24-1568 (CVR) |

### MOTION IN COMPLIANCE WITH COURT ORDER AT ECF NO. 17

TO THE HONORABLE COURT:

COMES NOW Defendants, by and through the undersigned attorney, and very respectfully state and pray:

1. On August 19, 2025, Plaintiff filed an Informative Motion notifying the Court, among other things, that the EEOC's administrative judge had dismissed Plaintiff's EEOC complaint, and that Plaintiff was still awaiting a final agency decision. See ECF No. 16. Therefore, Plaintiff requested the Court's dismissal *without* prejudice of the above captioned claim. See id. at p. 4.

2. On that same date, and in response to the Informative Motion, the Court granted Defendants until August 22, 2025 to "state their position as to Plaintiff's request to dismiss this case without prejudice." See ECF No. 17.

3. Defendants contend that their Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss — filed yesterday and docketed at ECF No. 18 — contains arguments that are responsive to the Court's August 19 Order, and thus, Defendants hereby incorporate them by reference. In summary, Defendants explained in the Reply, with supporting legal authorities, that Plaintiff's election of the judicial forum upon filing the instant complaint rendered the EEOC devoid of jurisdiction to entertain her administrative discrimination claims. As such, this Court *has* jurisdiction to adjudge Defendants' Motion to Dismiss *on the merits* and enter judgment dismissing the complaint *with prejudice*, as requested in the dispositive motion at ECF No. 8.

4. Plaintiff's Opposition (ECF No. 13), Informative Motion (ECF No. 16), and Sur-Reply (ECF No. 19) operate under the old political adage of "if you can't convince them, confuse them." To that end, she claims that Defendants *also* argued in the Motion to Dismiss that this Court lacks subject matter jurisdiction because she failed to exhaust administrative remedies, and she further asserts that "[d]efendants should not be allowed to switch positions and ask for dismissal with prejudice after asserting that the Court lacks subject matter jurisdiction". See ECF No. 19, second full paragraph in both pp. 2-3. But Plaintiff is sorely mistaken.

5. In their dispositive motion, Defendants argued that the Court lacked subject matter jurisdiction because she filed her claims under a wrong and inapplicable statute, namely, ADA, and against improper defendants. See ECF No. 8 at pp. 10-12. In other words, the Defendants' argument was not that the Court lacked subject matter jurisdiction to entertain and adjudicate the lawsuit; it was that if Plaintiff insisted on the applicability of ADA, as opposed to the Rehabilitation Act, and continued to seek remedies against the named defendants, the Court had no jurisdiction under *that* statute and *those* defendants.

6. Although Defendants indeed argued that she failed to timely exhaust administrative remedies as to some of her claims of discrimination, this argument in favor of dismissal is not a jurisdictional argument, as the Court well knows. See Warner v. DeJoy, No. 20-CV-514-SM, 2024 WL 1287044, at *3 (D.N.H. Mar. 26, 2024) ("a failure to exhaust administrative remedies [under Title VII] is not jurisdictional"); Laguerre v. McDonough, 573 F. Supp. 3d 479, 484 (D. Mass. 2021) (stating that exhaustion of administrative remedies is not a jurisdictional prerequisite to filing a Title VII claim in federal court). In fact, this argument is analyzed under the standard of review applicable to motions brought pursuant to Fed. R. Civ. P. 12(b)(6), *as opposed to* 12(b)(1) applicable to subject matter jurisdiction arguments.

7. Plaintiff's (or her counsel's) mistaken interpretation of the law must not prevent its proper application in this case. Moreover, Plaintiff should not be afforded an opportunity to refile an opposition to Defendants' motion to dismiss, especially when the Court granted her a 30-day extension to file her response as per ECF No. 12, and she could have raised the arguments on the

merits in the alternative to her jurisdictional argument. Much like judges, a party "cannot bear the burden of inattentive lawyering and … a client is bound by the mistakes of [her] chosen counsel." Rosado-Rios v. Vazquez-Collazo, No. 14-1820 (PG), 2016 WL 2733122, at *4 (D.P.R. May 10, 2016) (citing Miranda-Lopez v. Figueroa-Sancha, 943 F. Supp. 2d 276, 279 (D.P.R. 2013)).

8.      Per the foregoing, Defendants request that the Court deny Plaintiff's request to dismiss this case without prejudice, grant Defendants' Motion to Dismiss, and enter judgment dismissing this case with prejudice.

WHEREFORE Defendants respectfully request from this Honorable Court that it takes note of the information and arguments presented above and find Defendants in compliance with the Court's August 19 Order at ECF No. 17.

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM / ECF system which will send notification of such filing to the attorney(s) of record.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, on August 21, 2025.

W. STEPHEN MULDROW
United States Attorney
350 Chardon Avenue
Torre Chardon, Suite 1201
Hato Rey, Puerto Rico 00918

s/ *Priscila M. Acevedo*
PRISCILA M. ACEVEDO
Assistant United States Attorney
USDC-PR No. 307301
Tel. 787-282-1847
Email: priscila.acevedo@usdoj.gov

*s/Enrique Silva-Avilés*
Enrique Silva-Avilés
Assistant United States Attorney
USDC-PR No. 215810
Tel. 787-282-1896
enrique.silva@usdoj.gov